**SECURITIES and EXCHANGE COMMISSION, Plaintiff–Appellee,**

v.

**PITTSFORD CAPITAL INCOME PARTNERS, LLC, et al., Defendants,**

and

**Mark Palazzo and Edward Tackaberry, Defendants–Appellants.**

Nos. 07–4394–cv (L), 07–4761–cv (Con).

United States Court of Appeals, Second Circuit.

Dec. 31, 2008.

Mark Palazzo, Rochester, NY, pro se.

Scott M. Green, Rochester, NY, for defendant-appellant Edward Tackaberry.

William K. Shirey, Senior Counsel (Andrew N. Vollmer, Deputy General Counsel, Jacob H. Stillman, Solicitor, and Mark Pennington, Assistant General Counsel, on the brief), United States Securities and Exchange Commission, Washington, D.C., for Appellee.

PRESENT: WILFRED FEINBERG, JOSÉ A. CABRANES and PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Defendants-appellants Mark Palazzo and Edward Tackaberry appeal from a final judgment of the District Court, entered on July 15, 2008, following a successful motion for summary judgment filed by the United States Securities and Exchange Commission, which was granted on August 23, 2007, 2007 WL 2455124. In granting summary judgment, the District Court (1) concluded that Palazzo and Tackaberry had violated various federal securities laws; (2) issued a permanent injunction restraining Palazzo and Tackaberry from future violations; (3) ordered disgorgement, jointly and severally, in the amount of $11,725,294.92 plus pre-judgment interest; and (4) and imposed a civil penalty against Palazzo and Tackaberry of $75,000 per person.

■ On appeal, Palazzo challenges all of the District Court's conclusions and remedies. "We review the District Court's grant of summary judgment *de novo.*" *Jeffreys v. City of New York*, 426 F.3d 549, 553 (2d Cir.2005). Summary judgment is appropriate if the moving party demonstrates that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). We review a grant of permanent injunction, an order of disgorgement, and the imposition of civil penalties for abuse of discretion. *See Sims v. Blot*, 534 F.3d 117, 132 (2d Cir.2008) ("A district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." (internal citations and quotation marks omitted)); *Clearing House Ass'n, L.L.C. v. Cuomo*, 510 F.3d 105, 112 (2d Cir.2007) (reviewing permanent injunction); *S.E.C. v. Kern*, 425 F.3d 143, 153–54 (2d Cir.2005) (reviewing civil penalties); *S.E.C. v. Warde*, 151 F.3d 42, 49 (2d Cir.1998) (reviewing order of disgorgement).

Upon review of the record, we affirm the grant of summary judgment against Palazzo substantially for the reasons stated by the District Court in its thorough and careful Decision and Order of August 23, 2007. *See SEC v. Pittsford Capital Income Partners, L.L.C.*, No. 06 Civ 6353, 2007 WL 2455124, 2007 U.S. Dist. LEXIS 62338 (W.D.N.Y. Aug. 23, 2007).

■ Tackaberry has not submitted a brief in his appeal, No. 07–4761–cv. We therefore exercise our discretion under Rule 3(a)(2) of the Federal Rules of Appellate Procedure and dismiss his appeal. *See In re Nasdaq Market–Makers Antitrust Litig.*, 189 F.3d 461, 461 (2d Cir. 1999); *see also* Fed. R.App. P. 3(a)(2) ("An appellant's failure to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for the court of appeals

to act as it considers appropriate, including dismissing the appeal.").

The judgment of the District Court is **AFFIRMED** with respect to Palazzo. Tackaberry's appeal is **DISMISSED** with prejudice. As a final housekeeping matter, we **DENY** Palazzo's April 28, 2008 motion to attach a new exhibit to his brief. *See* Fed. R.App. P. 10(a)(1) (limiting the record on appeal to "the original papers and exhibits filed in the district court").